[No. 10799.    Department Two.    May 26, 1913.]

ANDREW WILTON, *Respondent*, v. THE CITY OF SPOKANE et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS—DEFECTS IN STREETS—NEGLIGENCE OF INDEPENDENT CONTRACTOR—LIABILITY OF CITY. A city is not liable for the negligence of an independent contractor in leaving an unexploded blast of dynamite in the rock below the surface of a street, on the theory that public policy prevents the letting of blasting work in streets to independent contractors, since it was negligence of the contractor wholly collateral to the contract work, of which the city had no knowledge.

MASTER AND SERVANT—RELATION—LIABILITY OF CITY—DEFECTS IN STREETS. The relation of master and servant does not exist between a city and the employee of a power company which is merely licensed to dig holes and put up poles in a street; and the city owes him no duty to furnish him a safe place to work.

MUNICIPAL CORPORATIONS—DEFECTS IN STREETS—LIABILITY. A city is not a guarantor of the condition of its streets for all purposes, but only for defects of which it had knowledge or could by reasonable diligence have obtained knowledge. ·

NEGLIGENCE—LEAVING UNEXPLODED BLAST BENEATH STREET—LIABILITY OF CONTRACTOR—DEFENSES—ACCEPTANCE OF WORK. An independent contractor on street work is liable for injuries sustained through the negligent leaving of an unexploded charge of dynamite

¹Reported in 132 Pac. 404.

in rock beneath the surface of the street, although his work has been accepted as a complete performance of his contract; since it was a wrongful act of negligence wholly collateral to the work.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 8, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through the explosion of a blast left by a contractor on street improvement work. Reversed in part and affirmed in part.

*H. M. Stephens, Wm. E. Richardson,* and *Ernest E. Sargent,* for appellant City of Spokane.

*Hurn & Upton* and *Robinson & McHugh,* for appellants Foster *et al.*

*Morrill, Chester & Skuse,* for respondent.

FULLERTON, J.—The respondent brought this action against the city of Spokane, Foster & Hindle, a copartnership, and the Washington Water Power Company, a corporation, to recover for personal injuries. Before issue was joined on the complaint, the action was dismissed as to the Washington Water Power Company. Afterwards it was prosecuted to a judgment against the other defendants, both of whom appeal.

The facts of the case are not complicated, nor seriously in dispute. The city of Spokane let a contract to Foster & Hindle for the improvement of one of its streets. The work included the grading of a roadway along the center of the street and the construction of a parking strip and a sidewalk on each side thereof. By the terms of the contract, Foster & Hindle were made independent contractors, responsible to the city for the result of the work only, not as to the manner in which it was to be performed. In grading the street to its proper level, a ledge of rock was encountered which the contractors removed by blasting; the explosive used being dynamite. In the course of the work, a blast put in near the bottom of the required grade failed to ex-

plode, and the contractors, instead of removing it, covered it up and constructed the surface of the street over it. Afterwards the city accepted the work as a compliance with the contract without knowledge of the unexploded blast. Some months later, the Washington Water Power Company applied for and was granted permission to erect a line of poles along the margin of the improved street on which to string electric wires for lighting purposes. The holes in which to set the poles had to be dug somewhat deeper than the street was cut down in the performance of the improvement work, and where the ledge of rock was encountered, the rock necessary to be removed was broken up by blasting. While the employees of the Washington Water Power Company, among whom was the respondent, were drilling for the purpose of putting in a blast in one of such holes, the drill encountered the unexploded blast left in the rock by Foster & Hindle, causing it to explode. The explosion put out one of the respondent's eyes, and otherwise seriously injured him, and he brought the present action with the result before stated.

The record does not make clear the grounds on which the judgment against the city was rested. Several grounds on which it is thought it may rest, however, are suggested in the argument, and these we will notice briefly in their order. It is first said that the work was of such a character that it could not be let to independent contractors, and that the city could not escape liability for the negligent performance by endeavoring to so let it. The particular contention is that the work of blasting rock in an inhabited portion of a city is so inherently dangerous in itself that public policy forbids that the city be permitted to let the work to an independent contractor. But if this be the general rule, we do not think the present case falls within it. The leaving of an unexploded blast of dynamite in the rock below the surface of a street is not an incident to the work of blasting rock to made a grade for a street. Such an action is negli-

gence and nothing else, and the city is liable for the act only in the same way, and to the same extent, that it would have been liable had the contractor left the dynamite on the surface of the street in the travelled part of the roadway on leaving the work; it is liable for injuries resulting therefrom only in the case it knew of its being so left, or by the exercise of reasonable diligence could have known of it.

"But the employer is not liable where the obstruction or defect in the street causing the injury is wholly collateral to the contract-work, and entirely the result of the negligence or wrongful acts of the contractor, sub-contractor, or his servants. In such a case the immediate author of the injury is alone liable." 2 Dillon, Municipal Corporations (4th ed), § 1030.

There is no evidence that the city had knowledge of the existence of this unexploded blast, and of course, there was no sort of diligence that it could have exercised which would have made it acquainted with the fact.

A second reason suggested for sustaining the judgment against the city is that the relation of master and servant existed between the city and the respondent. But it is manifest that the respondent was not in the employ of the city. He was a mere licensee upon the street, and while the city owed him the duty to refrain from doing him wilful injury, and from setting snares for him, it owed no duty to provide him with a safe place in which to work.

Again it is said that the city is responsible for the condition of its streets, and hence liable for any injury arising from defects therein, no matter by whom the defect may have been caused. But the rule is not so broad as this. The city is liable only for those defects in its streets of which it has knowledge, or by the exercise of reasonable diligence could have obtained knowledge. It is not a guarantor of the safe condition of its streets for all purposes and at all times. Its full duty is performed when it exercises reasonable dili-

gence in keeping its streets in repair. We think, therefore, that the court erred in holding the city liable for the injury.

The appellants Foster & Hindle make the contention that the evidence is insufficient to justify the verdict against them. They argue that when they completed the contract and turned the street over to the city, and the city accepted the work as a compliance with the contract, their liability to third persons for the negligent performance of the work ceased, and from thenceforth the city alone was responsible for any such negligent performance. This argument is perhaps sound in so far as it relates to defects in the street arising from a mere negligent performance of the work, but we think it has no application to an act of the nature here charged against the contractors. The leaving of the unexploded charge of dynamite in the rock beneath the surface of the street, was not a matter connected with the contract work. It was a matter wholly collateral thereto, and was, as we have said, of itself a negligent and wrongful act, rendering the persons wrongfully leaving it there liable to any one who in the lawful pursuit of his own business should be injured thereby. The liability of the contractors for the injury arising from the explosion rests on the same principle it would have rested had they knowingly or negligently left the explosive on the surface of the street and a traveler on the street had come into contact therewith and received an injury; it rests on the wrongful and negligent nature of the act itself. There is a distinction between an act of negligence imminently dangerous to the lives of others and one that is not so. In the former case the party guilty of the negligence is liable to the party injured, whether there be a contract between them or not; in the latter, the negligent party is liable only to the party with whom he contracted, and on the ground that negligence is a breach of the contract. *Longmeid v. Holliday*, 6 Eng. Law and Equity Rep. 562. We conclude, therefore, that the trial judge was right

in refusing to sustain the challenge of the appellants Foster & Hindle.

The judgment will be reversed and remanded with instructions to dismiss as to the appellant city of Spokane, but will stand affirmed as to the other appellants.

CROW, C. J., MAIN, MORRIS, and ELLIS, JJ., concur.