[No. 15526.   Department Two.   January 28, 1920.]

DAVID E. NEER *et al., Respondents,* v. THE CITY OF SUMAS, *Appellant.*[1]

MUNICIPAL CORPORATIONS (420)—STREETS—DEFECTIVE SIDEWALKS —NEGLIGENCE OF CITY—UNPRECEDENTED FLOODS. The fact that a sidewalk was tilted out of level by an unprecedented flood and remained so for ten days, does not show negligence on the part of the town, where practically all the sidewalks had been washed out of place or destroyed and the city, after using every effort in its power, had been unable to repair the damage before the accident.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered December 17, 1919, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a defective sidewalk. Reversed.

[1] Reported in 187 Pac. 337.

*R. S. Lambert* and *C. E. Abrams,* for appellant.
*Sather & Livesey,* for respondents.

MOUNT, J.—This action was brought by the plaintiffs, as husband and wife, to recover damages for injuries received by Mrs. Neer on account of a fall on a sidewalk within the limits of the city of Sumas.

The complaint alleged that the fall of Mrs. Neer

"was due to a defective condition of the sidewalk on Vancouver avenue at said point, which sidewalk was six feet wide, made of boards, and tilted so that the southerly side thereof was elevated seven and a half inches above the northerly side thereof; that said tilting was the proximate cause of the accident and injury to plaintiff Belle Neer; that the sidewalk was, at the time of the accident, by reason of falling rains, moist, wet and slippery, and thereby additionally dangerous; that it had been so defective for a long time prior to the accident, that its condition was well known to defendant, and that defendant gave no warning of its defective condition and erected no barrier preventing its use; . . ."

After denying these allegations of negligence, the answer alleged two affirmative defenses, in substance: first, that the condition of the sidewalk at the place of the accident was caused by an unprecedented flood which visited the city and surrounding country ten or twelve days prior to the accident, damaging many thousands of feet of sidewalk within defendant's corporate boundaries; that the same constituted an act of God which could not have been foreseen or successfully resisted or guarded against; and that sufficient time had not elapsed, between the damages wrought by the flood and the date of the injury to Mrs. Neer, to enable defendant to repair the walk.

The second affirmative defense was, in substance, that Mrs. Neer was guilty of contributory negligence in going upon the sidewalk.

Upon these issues, the case was tried to the court and a jury, and resulted in a judgment in favor of the plaintiffs for $1,000. The defendant has appealed.

At the close of the respondents' case and at the close of all the evidence, the appellant requested the court to instruct a verdict for the appellant. After the verdict, motion for judgment *non obstante* was made and overruled.

There is no substantial dispute upon the evidence. The facts, in substance, are as follows: The city of Sumas is incorporated as a city of the fourth class. At the time of the injury to Mrs. Neer, which was January 12, 1918, the population of the city was between 800 and 1,200. On December 31, 1917, an unprecedented flood occurred, by reason of heavy rains and melting ice in the vicinity of the city. A large portion of the city was flooded. Witnesses estimated that the area covered by the flood was from one-half to three-quarters of the area of the whole city. Two miles of wooden sidewalks throughout the city were damaged by the flood. Many places in the city — stores and dwellings — were flooded, so that the inhabitants of the dwellings in many instances were required to move from the lower floors of their dwellings. This flood was at its height on January the 1st, 1918. It began to subside upon the 2d, and by the 4th the waters had receded to such an extent that the sidewalks were lying upon the ground, many of them in the streets, and all out of repair. On account of this flood, telephone and electric-light wires were down, and those companies had employed all the available men to repair their lines. The city of Sumas endeavored to procure men to replace the sidewalks. It was able to procure but few, and the sidewalks in the business part of the city were being attended to first. The sidewalk

upon which Mrs. Neer was injured was upon a side street. There were but three houses served by this sidewalk. This sidewalk had been lifted from its foundation, and when the flood receded, one side of the walk was about seven and three-quarters inches higher than the other side. The walk was a board sidewalk, practically new and in perfect condition before the time of the flood. Mrs. Neer and her husband, on January 12th, drove in from the country to the city and observed the condition of the streets and of the sidewalks generally. At about one o'clock on that day she undertook to go from the business part of the town to visit a friend who lived upon Vancouver avenue. She came to this walk, undertook to walk along it, slipped and fell, and broke her right leg about four inches above the ankle.

The controlling question in the case, in our opinion, is whether any negligence was shown against the city. The respondents argue that, because the sidewalk in question was tilted upon the ground so that one side was seven and three-quarters inches higher than the other, and had remained in such condition for a period of about ten days, and because the city knew of its condition and had not repaired it or posted notice of any kind of its dangerous condition, the city was therefore negligent, and the question of negligence was one for the jury. As hereinbefore stated, there was no dispute, upon the facts, that the sidewalk, before the flood, was in perfect condition. The flood came and practically destroyed two miles of sidewalk within the little city. It is true that no warning notices were posted by the city; but for the very good reason, no doubt, that the condition of all the sidewalks within the city was notice to any one who might be attempting to use them. The city, according to the evidence, used every effort to obtain workmen to repair the sidewalks,

and was able to obtain but a very few men. These men devoted their time to repairing the sidewalks on the principal streets where there was most danger. The sidewalk upon which Mrs. Neer was injured was on a side street. We are satisfied, under these circumstances, that the city was not negligent in failing to repair this particular walk. In the case of *Wilton v. Spokane,* 73 Wash. 619, 132 Pac. 404, L. R. A. 1917 D 234, we said:

"Again it is said that the city is responsible for the condition of its streets, and hence liable for any injury arising from defects therein, no matter by whom the defect may have been caused. But the rule is not so broad as this. The city is liable only for those defects in its streets of which it has knowledge, or by the exercise of reasonable diligence could have obtained knowledge. It is not a guarantor of the safe condition of its streets for all purposes and at all times. Its full duty is performed when it exercises reasonable diligence in keeping its streets in repair."

Under ordinary conditions, when a sidewalk upon a city street has been tilted seven and three-quarters inches on one side higher than on the other, and allowed to remain in such condition for a period of ten days, the city might be presumed to have notice of the condition, and it would probably be negligent not to repair it within that time. But here the evidence conclusively shows that sidewalks all over the city — two miles of them — had been washed out and practically destroyed. The city had attempted to employ men to repair the walks. It was unable to do so within that time. The record, we think, conclusively shows that the city used every effort within its power to have the sidewalks rearranged and properly repaired, but had been unable to do so, not from any fault of its own and not from any lack of diligence, but wholly by reason of existing conditions. If, under these circum-

stances, it may be said that the city was negligent, then its duty is not performed until it exercises more than reasonable diligence in keeping its streets in repair. In addition to an endeavor to employ men to replace the sidewalks, the city caused notice to be issued to the property owners along whose property these sidewalks were located to repair the same immediately. These repairs were not made in obedience to the command of the city. We do not mean by this that the city did its full duty in notifying the property owners to repair sidewalks in front of their property. This is recited merely for the purpose of showing the diligence which the city exercised. We are satisfied, upon the record, that there was no question of negligence of the city to be submitted to the jury, and that it was the duty of the court, at least at the close of all the evidence, to have instructed the jury that the respondents had not made out a case of negligence against the city.

For this reason, the judgment is reversed and the cause remanded for dismissal.

HOLCOMB, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.