Lawrence M. STEINKE, Plaintiff,

v.

The BOEING COMPANY, a Delaware corporation, and John Does A–H, Defendants.

The BOEING COMPANY, Third-Party Plaintiff,

v.

H. C. SMITH CONSTRUCTION CO., a corporation, Third-Party Defendant.

No. CV–80–71–GF.

United States District Court, D. Montana, Great Falls Division.

Oct. 5, 1981.

Tom L. Lewis, Regnier & Lewis, Great Falls, Mont., for plaintiff.

John D. Stephenson, Jr., Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for The Boeing Co.

Dennis C. McCafferty, James, Gray & McCafferty, Great Falls, Mont., for H. C. Smith Construction Co.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, Lawrence M. Steinke (Steinke) commenced the present action seeking compensation for injuries allegedly sustained as a result of negligence on the part of the defendant, Boeing Company (Boeing). Steinke, who was an employee of H. C. Smith Construction Company (H. C. Smith) was injured while working in a United States Air Force missile silo located near Lewistown, Montana. The work in which plaintiff was engaged at the time of the injury was part of a renovation project of the missile site, being conducted pursuant to a contract between Boeing and the United States Government. Boeing, the prime contractor, had sublet the actual construction work to H. C. Smith. Steinke contends that Boeing assumed the responsibility for job safety during the project and failed to make safe or repair an unsafe handrail in the missile silo, the failure of which was the proximate cause of Steinke's injuries.

Boeing has subsequently filed a third-party complaint against H. C. Smith demanding that H. C. Smith defend Boeing in the present action and indemnify Boeing from any damages that may ultimately be awarded against Boeing. Boeing asserts this demand pursuant to an indemnification clause contained in the contract executed between Boeing and H. C. Smith. Paragraph Twenty-two (22) of that contract provides:

Contractor shall defend, protect and save harmless Boeing and the government from and against all claims, suits and actions arising from any negligent act or omission of contractor or any sub contractor of any tier or any of their respective agents or employees in connection with the performance of this contract. Contractor shall further indemnify and save harmless Boeing and the government from and against all claims for bodily injuries, including death, to contractor's employees caused by the condition of any premises, equipment, or other property being used or operated by any of contractor's employees in connection with the performance of this contract, regardless of whether such condition result from the negligence of Boeing or the government.

Boeing has moved for summary judgment with respect to its claim for indemnity from H. C. Smith under Paragraph twenty-

two (22) of the subject contract. Boeing's motion for summary judgment having been fully briefed by both parties is now ripe for disposition.

Jurisdiction vests in this court on the basis of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Disposition of the issue at hand requires this court to undertake a two step analysis. First, this court must determine what law governs the interpretation of the subject contract. Secondly, it must be determined whether or not application of the appropriate law to the factual situation presented mandates that the indemnification clause be given effect, thus requiring H. C. Smith to indemnify Boeing with respect to the present action.

## WHAT LAW GOVERNS?

■ It is an elementary principle of law that since jurisdiction in this case is founded on diversity, this court must follow state law,[1] including state conflict-of-law rules.[2] The Montana conflict rule pertaining to contracts provides that a contract is to be interpreted according to the law and usage of the place where it is to be performed. § 28–3–102 M.C.A. (1979).

The contract at issue was executed in the State of Washington and was to be performed in the State of Montana. In the normal run of affairs, the Montana conflict rule as cited would dictate that the contract at issue would be interpreted in accordance with Montana law. However, the present situation is complicated by the existence of a contract provision whereby Boeing and H. C. Smith agreed that the terms of the contract were to be governed by the law of the State of Washington.[3] Therefore, this court must determine the modifying effect, if any, that this explicit provision has on the choice of law rule as set forth in § 28–3–102 M.C.A. (1979).

■ Montana law is unequivocal in its recognition that if the language of a contract is clear and unambiguous it is the court's duty to enforce that contract as made by the parties,[4] unless good morals or public policy are contravened.[5] Furthermore, statutory provisions affecting contracts have been viewed as enacted to fix rules of conduct to govern the parties in matters for which the parties have not provided, but the contract itself must be looked to first in determining the respective obligations.[6]

■ Review of the pertinent Montana law, as cited, convinces this court that the intention of the parties to the contract is controlling. The parties having agreed that the law of the State of Washington would control their respective rights and obligations under the subject contract, this court is bound to determine their rights and obligations in accordance with that law. There exists no basis to contend that enforcement in accordance with the law of the state of Washington contravenes public policy of the forum state, i. e., Montana.

## VALIDITY OF THE INDEMNIFICATION CLAUSE

■ § 4.24.115, Revised Codes of Washington, provides:

A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair, addition to, subtraction from, improvement to, or maintenance of, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate, including moving and demolition in connection therewith, purporting to in-

1. *Erie R.R. v. Tompkins*, 304 U.S. 58, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

3. Both Boeing and H. C. Smith admit that Clause Eighty (80) of the subject contract so provides.

4. *Schulz v. Peake*, 583 P.2d 425 (1978).

5. *Hein v. Fox*, 126 Mont. 514, 254 P.2d 1076 (1953).

6. *Gibbons v. Huntsinger*, 105 Mont. 562, 74 P.2d 493 (1938).

demnify against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of an indemnitee, his agents or employees, is against the public policy and it is void and unenforceable.

§ 4.24.115, R.C.W., is applicable only if the general contractor would be found *solely* negligent in causing an accident.[7] Where a party is injured as a result of the concurrent negligence of both a contractor and the owner of the premises where an accident occurred, § 4.24.115, R.C.W., does not prevent the owner from recovering from the contractor on an indemnity agreement entered into between them.[8]

Disposition of the issue as to whether the indemnification clause contained in the contract executed between H. C. Smith and Boeing is enforceable against H. C. Smith depends on whether the accident at issue was caused by the sole negligence of Boeing or the concurrent negligence of Boeing and H. C. Smith.

■ The allegations in the suit are that Steinke was injured while attempting to ascend a ladder located within the missile silo. It is impossible for this court to determine at the present time whether the unsafe condition of the ladder was the result of negligence on the part of Boeing or H. C. Smith. This determination may ultimately be a question of fact. As such this court would be remiss were it to dispose of the issue via summary judgment. Determination of the factual question so presented is clearly dependent on evidence which will be adduced at trial.

An appropriate order shall issue.

---

**7.** *Tri-M Erectors Inc. v. Drake Co.*, 25 Wash. App. 264, 606 P.2d 709 (1980); (1979); *Jones v. Strom Construction Co.*, 84 Wash.2d 518, 527 P.2d 115 (1974).

**8.** *Redford v. City of Seattle*, 24 Wash.App. 484, 602 P.2d 717 (1979).