[No. 23991–1–I.   Division One.   August 6, 1990.]

VINCENT WEINERT, ET AL, *Appellants,* v. BRONCO NATIONAL COMPANY, ET AL, *Respondents.*

*Stephen L. Bulzomi,* for appellants.

*A. Richard Maloney,* for respondents.

SCHOLFIELD, J.—Vincent Weinert suffered injuries on October 25, 1985, while installing siding during construction of an apartment complex. Bronco National Company (Bronco) was the owner/developer. D&D Siding and Construction (D&D) was the subcontractor for siding. D&D employed Adrey Construction (Adrey) to assist with the siding. Weinert was an employee of Adrey.

Weinert sued Bronco. The trial court granted motions for summary judgment by Bronco and D&D, dismissing Weinert's complaint.[1] We reverse.

To sustain the summary judgment, we must conclude that neither Bronco nor D&D, as a matter of law, owed a legal duty to Weinert to enforce statutory safety regulations. Since the issues here are primarily legal, the facts of the case will be described only to the extent necessary for a full discussion of the legal issues.

At the time of his injury, Weinert was working 20 feet above the ground, supported by scaffolding brought onto the job and erected by Adrey employees. There is no direct evidence Bronco or D&D participated in the erection of the scaffolding or had knowledge of the alleged defects in the scaffolding. Nor is there any evidence to support a finding that the place of Weinert's fall was a "common area," as

---

[1]The record reflects that Weinert did not sue D&D in his complaint. D&D was brought in as a defendant named in a third party complaint by Bronco. Weinert did not amend his complaint and, therefore, has pleaded no cause of action against D&D. Since the parties and the trial court have proceeded on the assumption that Weinert has pleaded a cause of action against D&D, we will address the issues consistent with that assumption.

694

that term is defined in *Kelley v. Howard S. Wright Constr. Co.*, 90 Wn.2d 323, 582 P.2d 500 (1978).

SUMMARY JUDGMENT

■ A summary judgment motion under CR 56(c) can be granted only if the record before the court demonstrates there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In addressing this issue, the court must consider all facts submitted and address all reasonable inferences in the light most favorable to the nonmoving party. The motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982).

DUTY TO ENFORCE WISHA REGULATIONS

The trial court's order granting summary judgment was signed April 7, 1989, and does not recite a basis for the ruling. Judging from the briefs filed in support of the motion, we assume the trial court was convinced that defendants did not owe a duty to Weinert to protect him from violations of the Washington Industrial Safety and Health Act of 1973 (WISHA), RCW 49.17.

On March 29, 1990, the Supreme Court filed its opinion in *Stute v. P.B.M.C., Inc.*, 114 Wn.2d 454, 788 P.2d 545 (1990). P.B.M.C. was a general contractor for the construction of a condominium complex. S&S Gutters subcontracted to install gutters and downspouts. Andre Stute was an employee of S&S Gutters and was engaged in installing gutters at the condominium complex when he fell from a roof and was injured.

Stute sued P.B.M.C., alleging it owed him a duty to provide necessary safety devices at the jobsite. P.B.M.C. moved for summary judgment, which was granted. The trial court ruled that the general contractor did not owe Stute, an employee of a subcontractor, a duty to provide safety equipment because the general contractor had not voluntarily assumed that duty. *Stute*, at 456. The Court of Appeals affirmed the trial court, but the Supreme Court

reversed, holding that a general contractor "has a duty to comply with all pertinent safety regulations with respect to every employee on the jobsite." *Stute,* at 456.

RCW 49.17.060 provides in part:

> Each employer:
> (1) Shall furnish to each of his employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his employees . . .
> (2) Shall comply with the rules, regulations, and orders promulgated under this chapter.

WAC 296–155–040 provides, in part:

> (1) Each employer shall furnish to each of his employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his employees.
> (2) Every employer shall require safety devices, furnish safeguards, and shall adopt and use practices, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe. Every employer shall do every thing reasonably necessary to protect the life and safety of employees.

■ The *Stute* court commented upon the effect of the foregoing statute and regulation at page 457 as follows:

> RCW 49.17.060 creates a twofold duty. *Adkins v. Aluminum Co. of Am.,* 110 Wn.2d 128, 152, 750 P.2d 1257, 756 P.2d 142 (1988). Subsection (1) imposes a general duty on employers to protect only the employer's own employees from recognized hazards not covered by specific safety regulations. Subsection (2) imposes a specific duty to comply with WISHA regulations. *Adkins,* 110 Wn.2d at 153. Thus, the employer's liability depends upon which section is being invoked. The employer's duty only extends to employees of independent contractors when a party asserts that the employer did not follow particular WISHA regulations. In such a case, all employees working on the premises are members of the protected class. *Adkins,* 110 Wn.2d at 153.

## WISHA Violations Alleged

The complaint in this case alleges negligence consisting of violations of several sections of the Washington Administrative Code (WAC) regulations, including WAC 296–155–485, relating to scaffolding, and WAC 296–155–480, relating to ladders.

The deposition testimony before the court asserts that Weinert was working on defective planks used in the scaffolding and that the scaffolding was unstable. It also provides a basis for a trier of fact to find that defective scaffolding was a proximate cause of Weinert's fall and resulting injuries.

The showing made by Weinert in resisting the defendants' motion for summary judgment was sufficient to defeat that motion. Allegations of violations of WISHA contributing to the plaintiff's fall were before the court. *Stute* holds that under these circumstances, the general contractor has a duty to enforce all applicable WISHA regulations and that that duty runs to all employees on the premises.

In reaching its conclusion, the *Stute* court rejected the contention that before such a duty could be imposed, there must be proof the general contractor controlled the work of the subcontractor. The court stated a page 464:

> Thus, to further the purposes of WISHA to assure safe and healthful working conditions for every person working in Washington, RCW 49.17.010, we hold the general contractor should bear the primary responsibility for compliance with safety regulations because the general contractor's innate supervisory authority constitutes sufficient control over the workplace.

We do not overlook the fact that Bronco is an owner/developer rather than a general contractor hired by an owner. We see no significance to this factor insofar as applying *Stute* to the facts of this case. The owner/developer's position is so comparable to that of the general contractor in *Stute* that the reasons for the holding in *Stute* apply here. The purpose of the statutes and regulations relied upon in *Stute* is to protect workers. The basis for imposing the duty to enforce those laws on a general contractor exists with respect to an owner/developer who, like the general contractor, has the same innate overall supervisory authority and is in the best position to enforce compliance with safety regulations. *Stute,* at 463, 464.

The summary judgment dismissing Weinert's complaint as to Bronco must be reversed.

## D&D Siding and Construction

D&D is in the position of a second tier subcontractor, hired by the owner/developer, who brings on to the job a third tier subcontractor, Adrey. Does D&D have a duty to Weinert, an employee of Adrey, to enforce applicable WISHA regulations? The reasoning in *Stute* requires an answer in the affirmative. D&D is an employer. RCW 49.17.060 requires each employer to "comply with the rules, regulations, and orders promulgated under this chapter." Where violations of WISHA regulations are alleged, the foregoing statute imposes a duty of enforcement.

In placing a duty on the general contractor to enforce WISHA regulations, the language used by the *Stute* court does not exclude placing a similar but more limited duty on a subcontractor. At page 463, the court referred to the duty of the general contractor as "the prime responsibility" and at 464 as "the primary responsibility".

While D&D's activities and responsibilities appear to be limited to the application of siding, the record provides an arguable basis for a finding that D&D had the same innate supervisory authority with respect to application of siding as that possessed by Bronco with respect to the entire project. As a practical matter, D&D was probably in a better position to inspect and supervise the activities of Adrey employees in installing siding than was Bronco, whose supervisory responsibilities were much broader.

Under the facts of this case, we apply the reasoning of *Stute* to D&D for the same reasons we find a duty in Bronco to enforce WISHA regulations. We note that in the posture of this case, D&D's duty would not extend beyond the scope of its contract with Bronco, and therefore, would extend only to employees engaged in siding work.

It follows that the summary judgment dismissing Weinert's cause of action against D&D must also be reversed.

Reversed and remanded for further proceedings in accordance with this opinion.

COLEMAN, C.J., and PEKELIS, J., concur.