[No. 14451-4-II. Division Two. September 22, 1992.]

GEORGE SOLLITT CORPORATION, ET AL, *Appellants*, v.
HOWARD CHAPMAN PLUMBING & HEATING,
INC., *Respondent*.

*Michael H. Runyan, Charles C. Huber,* and *Lane Powell Spears Lubersky,* for appellants.

*James P. McGowan* and *McGowan, Spence & Reid,* for respondent.

PETRICH, C.J. — The George Sollitt Corporation (Sollitt) appeals from a declaratory judgment in favor of Howard Chapman Plumbing & Heating, Inc. (Chapman), contending that its work subcontract required Chapman to indemnify and defend it in a negligence action brought by one of Chapman's employees. We agree that Chapman has a duty to defend and reverse.

Sollitt entered into a subcontract with Chapman as part of its contract with the State to construct residential units and do site development at the Child Study and Treatment Center at Western State Hospital near Tacoma. Randall Lee Porcher suffered injuries when he received an electrical shock while working for Chapman as a sprinkler fitter on the project. At the time, he was installing a sprinkler system in a subbasement that had standing water. While holding a piece of pipe that was attached to the building, Porcher touched an improperly grounded pump and received a shock that caused him to fall over backward, injuring himself. Porcher and his wife sued Sollitt, the general contractor; the State of Washington, the owner of the facility; and D.W. Close Company (Close), an electrical subcontractor. Porcher alleges that the shock resulted from a defective temporary electric panel that Close installed. The defendants contend that the pump, which Chapman manufactured, caused the shock.

Sollitt and the State moved for summary judgment, arguing that Chapman had a contractual duty to defend and indemnify them. Chapman cross-moved for summary judgment, arguing that it had no such duties. The Superior Court granted Chapman's cross motion, denying that of Sollitt and the State. The sole issue on appeal is whether the rule disfavoring indemnification for one's own negligence precludes enforcement of an indemnity agreement under the tort reform act, which allocates liability proportionately among negligent parties.

■ This court engages in the same inquiry as the trial court on appeal from summary judgment. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to prevail as a matter of law. *Wilson*, at 437. *See also Bozung v. Condominium Builders, Inc.*, 42 Wn. App. 442, 711 P.2d 1090 (1985) (affirming summary judgment in favor of general contractor in personal injury action brought by subcontractor employee).

Sollitt contracted with Chapman in 1985, before passage of the tort reform act of 1986. Chapman agreed to defend and indemnify Sollitt against all claims arising under the agreement.[1] Chapman assumed the entire risk and responsibility for any injuries Chapman's employees sustained during the performance of the subcontract.[2]

■ Before June 11, 1986, contract indemnity clauses that purported to indemnify against damages resulting from bodily injury in the performance of the contract were void and unenforceable when the injuries resulted from the *sole* negligence of the indemnitee. Former RCW 4.24.115. Indemnity provisions in contracts entered into after June 11, 1986, were also void and unenforceable for injuries resulting from the indemnitee's sole negligence, but under certain circumstances were declared valid and enforceable, to the extent of the indemnitor's negligence, when the injuries resulted from the *concurrent* negligence of the indemnitee and the indemnitor. RCW 4.24.115.

Sollitt contends that because Porcher's complaint alleges the concurrent negligence of Sollitt and Close, Chapman has a duty to defend and indemnify. It argues that under the former statute, which is applicable here, the indemnity clause is void and unenforceable only if Porcher alleged that his injuries resulted from Sollitt's or the State's sole negligence. Sollitt contends that if there is any negligence, Chapman has some fault because the injuries resulted, at least

---

[1]Article 5 provides:

"That the Sub-contractor shall indemnify, save harmless and defend, the Owner, General Contractor, Architect, and/or the employees or representatives of the Owner, General Contractor, and/or Architect, against all claims, money damages, judgments, interest, claimed damages and/or expense arising under Articles 2, 3, and 4 of this agreement."

[2]Article 2 provides:

"That the Sub-contractor assumes entire risk and responsibility for any injuries, alleged injuries, or injuries resulting in death, sustained by himself, his employees or representatives, and/or by anyone employed by any sub-contractor or contractor, whose contract is subordinate to or let in pursuance of this agreement, in the performance of this agreement. . . ."

in part, from a defective pump that Chapman built and used in performing its subcontract.

Sollitt analogizes to insurance contracts, contending that because the allegations in the complaint, if proved, show concurrent negligence, not sole negligence, Chapman has both a duty to indemnify and to defend. However, in cases involving contracts, we do not always apply such a strict test. Rather, the duty to defend is determined by the facts known at the time of the tender of defense. *Parks v. Western Wash. Fair Ass'n*, 15 Wn. App. 852, 855, 553 P.2d 459 (1976). "[T]he facts at the time of the tender of defense must demonstrate that liability would eventually fall upon the indemnitor, thereby placing it under a duty to defend." *Dixon v. Fiat-Roosevelt Motors, Inc.*, 8 Wn. App. 689, 694, 509 P.2d 86 (1973). *Cf. Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 37 Wn. App. 621, 623, 681 P.2d 875 (1984) (look to pleadings to determine if insurer has a duty to defend); *Western Nat'l Assur. Co. v. Hecker*, 43 Wn. App. 816, 820, 719 P.2d 954 (1986); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139 (1984).

From the allegations in the pleadings and from Chapman's answers to Sollitt's interrogatories, we know that Porcher's injuries occurred during performance of the subcontract between Sollitt and Chapman. Porcher alleges that the causes of his injuries were Sollitt's and Close's negligent installation of electrical systems and the State's failure to inspect and make safe a dangerous condition. Chapman acknowledges that two contributing factors to the accident were an improperly grounded electrical outlet (Close) and Porcher's own negligence. Hence, this is not a case of sole negligence and Chapman has a contractual duty to defend Sollitt.

In rendering its decision, the trial court improperly relied on *Stute v. P.B.M.C., Inc.*, 114 Wn.2d 454, 788 P.2d 545 (1990). In *Stute*, the Supreme Court held that a general contractor has a duty to comply with WISHA[3] regulations

---

[3]Washington Industrial Safety and Health Act of 1973, RCW 49.17.

for the protection of all employees on the jobsite, whether its own or those of an independent subcontractor.[4] *Stute* does not, however, change the law regarding the duty to defend. Although it states that the general contractor is liable for the enforcement of WISHA regulations, it does not remove responsibility from the employer and other subcontractors. Thus, under *Stute* we still have concurrent negligence, not sole negligence.

Nonetheless, Chapman contends that the decision in *Stute* shows that the issue in the present case is one of sole negligence because the court, after holding that the general contractor had a nondelegable duty to enforce WISHA regulations, remanded the case for damages. Chapman contends that because the court did not consider whether there was concurrent negligence by the employer or subcontractor, it necessarily viewed the case as one of *sole* negligence. We disagree. First, there is no discussion in *Stute* of an indemnity agreement; the contract there was oral, so it is unlikely one existed. Also, the holding simply reinforced the court's position that general contractors have a duty to insure that the employees have a safe workplace. It did not hold that a subcontractor or employer cannot be concurrently liable.[5] The court's remand for damages without consideration of concurrent liability does not necessarily indicate that the court concluded that the case involved sole negligence.

---

[4]An owner has the same duty as a general contractor to all employees on the jobsite because of its innate supervisory authority. *Doss v. ITT Rayonier, Inc.*, 60 Wn. App. 125, 128, 803 P.2d 4, *review denied*, 116 Wn.2d 1034 (1991). There is no significant difference between an owner-independent contractor relationship and a general contractor-subcontractor relationship. *Kelley v. Howard S. Wright Constr. Co.*, 90 Wn.2d 323, 330, 582 P.2d 500 (1978); *Weinert v. Bronco Nat'l Co.*, 58 Wn. App. 692, 696, 795 P.2d 1167 (1990). *But see Hennig v. Crosby Group, Inc.*, 116 Wn.2d 131, 802 P.2d 790 (1991) (in absence of active supervision of independent contractor's employees, general contractor does not have duty to insure that safety regulations are complied with); *Kennedy v. Sea-Land Serv., Inc.*, 62 Wn. App. 839, 816 P.2d 75 (1991) (reversed summary judgment because of material issues of fact about the degree of control retained by the owner).

[5]*See Weinert v. Bronco Nat'l Co.*, 58 Wn. App. 692, 795 P.2d 1167 (1990) (duty to comply with safety regulations applies to any party with supervisory authority on a jobsite).

Finally, the *Stute* court did not hold that indemnity agreements between a general contractor and subcontractor are unenforceable. Such a conclusion would be inconsistent with the 1986 amendment to RCW 4.24.115, which extended the unenforceability of indemnity agreements to cases of concurrent negligence to the extent of the indemnitee's negligence. *See also McDowell v. Austin Co.*, 105 Wn.2d 48, 53-54, 710 P.2d 192 (1985) (indemnity clause making the indemnitor liable for the negligence of the indemnitee was not void and unenforceable by RCW 4.24.115 because of concurrent liability); *Steinke v. Boeing Co.*, 525 F. Supp. 234, 237 (D. Mont. 1981) (RCW 4.24.115 does not prevent owner from recovering from contractor under indemnity agreement for owner's liability when there is concurrent liability).

■ Chapman also contends that the indemnity agreement is unenforceable because Sollitt cannot be held liable for Chapman's negligence. The reason for using indemnity clauses in pre-tort reform act contracts was to protect the general contractor from the unfairness of joint and several liability in cases in which the subcontractor could assert immunity under the Industrial Insurance Act. Chapman contends that this purpose no longer exists because the only issue is each party's own negligence. Further, Chapman contends that this is a case of *sole* negligence and that RCW 4.22.070 limits the liability of the general contractor to that stemming from his own negligence. Thus, RCW 4.24.115 makes the indemnity provision unenforceable. These arguments fail because this is not a case of sole negligence. In his pleadings, Porcher asserts that the negligence of Sollitt, the State, and Close caused his injury. Further, Chapman admits that a defective pump and Porcher's own negligence were contributory causes of the injury. "[I]f two individuals commit *independent acts of negligence* which *concur* to produce the proximate cause of an injury to a third person, they are to be regarded as concurrent tort-feasors . . .". *Mason v. Bitton*, 85 Wn.2d 321, 326, 534 P.2d 1360 (1975). Also, under the tort reform act a party's liability is not always limited to its own negligence. Joint and several lia-

bility still applies when there is no comparative fault. RCW 4.22.070(1)(b).

■ Finally, Chapman contends that public policy disfavors indemnity provisions that protect a party from its own negligence. While true, such a consideration is inapplicable to Chapman's duty to defend. The duty to defend and the duty to indemnify arise at different times in a tort proceeding. As noted above, the duty to defend arises when the facts indicate that liability would eventually fall upon the indemnitor. The duty to indemnify arises when the plaintiff in the underlying action prevails on facts that fall within coverage. *Western Nat'l Assur. Co. v. Hecker*, 43 Wn. App. at 821; *Safeco Ins. Co. of Am. v. McGrath*, 42 Wn. App. 58, 61, 708 P.2d 657 (1985), *review denied*, 105 Wn.2d 1004 (1986). *See also Parks v. Western Wash. Fair Ass'n*, 15 Wn. App. at 855 (duty to defend is independent of duty to indemnify). The parties entered into the agreement before the effective date of the amendment to RCW 4.24.115. Thus, the indemnification clause of the subcontract is enforceable, and Chapman is liable for all costs of the injury resulting from the performance of the subcontract, including any liability apportioned to the State or to Sollitt.

Judgment reversed. Chapman has a duty to defend under the terms of the indemnity agreement.

MORGAN and SEINFELD, JJ., concur.