919 P.2d 1236 (1996)
129 Wash.2d 621
Juanita EDGAR, Personally and as Administratrix of the Estate of Hartford M. Edgar, and Nancy Witten, Guardian ad Litem for Kevin Edgar, Casey Edgar and Eric Edgar, Petitioners,
v.
CITY OF TACOMA; Tacoma City Light; Tacoma Public Utilities; Harza Engineering; ABC Companies 1-20; John Does 1-20, Respondents,
The State of Washington, Department of Labor & Industries, Intervenor/Petitioner.
No. 63195-6.
Supreme Court of Washington, En Banc.
Argued March 26, 1996.
Decided August 1, 1996.
*1237 Thorsrud, Cane & Paulich, Russell C. Love, Seattle, Floyd & Pfluenger, Karen R. Hornbeck, Seattle, Keating, Bucklin & McCormack, Stewart A. Estes, Seattle, Bryan P. Harnetiaux, Spokane, Harbaugh & Bloom, Gary N. Bloom, Spokane, Debra L. Stephens, Spokane, amicus curiae.
Lee, Smart, Cook, Martin & Patterson, Gregory Turner, Joel E. Wright, Seattle, Christine Gregoire, Atty. Gen., Diane H. Cornell, Asst. Atty. Gen., Seattle, for petitioner.
Garvey, Schubert & Barer, Robert Stephenson, Bruce McDermott, Donald Scarmastra, Seattle, for respondent.
DURHAM, Chief Justice.
Representatives of Hartford M. Edgar (Edgar) seek review of a trial court decision which held that the 1993 amendments to RCW 4.22.070(1) violated the right of the City of Tacoma (City) to a jury trial under Const. art. I, § 21. The trial court ruled that the City had the right to ask the jury to assign a percentage of fault to Edgar's immune employer, and reinstated the 1986 version of RCW 4.22.070(1). We reverse. Under the 1993 version of RCW 4.22.070(1), the percentage of fault attributable to an immune employer is not a relevant issue of fact because it has no legal effect on the respective liability of the parties. Consequently, the 1993 amendments to the contributory fault system do not remove any relevant factual issue from the jury's consideration and, therefore, do not violate the right to jury trial.

BACKGROUND
Edgar was killed in a construction accident at a dam owned by the City. He was an employee of the general contractor, Ledcor Construction, Inc. Edgar brought this action against the City, alleging that the City negligently failed to enforce safety regulations. Edgar could not sue Ledcor due to its immunity under the Industrial Insurance Act, RCW Title 51.[1]
The City contends the accident was caused by the fault of either Ledcor, Edgar, or both. Under the 1993 version of RCW 4.22.070(1), *1238 the jury would be permitted to assign fault to only the City and Edgar. The City seeks to have the jury assign a percentage of fault to Ledcor, thereby reducing its own proportionate liability for Edgar's damages. However, the 1993 amendments to the contributory fault system removed immune employers from the list of entities to whom fault may be assigned..
In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages((including)) except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant ((and entities with any other individual defense against the claimant)), but shall not include those entities immune from liability to the claimant under Title 51 RCW. Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except....
Laws of 1993, ch. 496, § 1, p. 2235; RCW 4.22.070(1).[2]
The City, therefore, sought a trial court ruling that the 1993 amendments are unconstitutional. The trial court held that the 1993 amendments are unconstitutional under Const. art. I, § 21 and Geschwind v. Flanagan, 121 Wash.2d 833, 854 P.2d 1061 (1993) "because they impose arbitrary limits on the jury's ability to determine the comparative fault of entities immune from liability under Title 51 RCW." Clerk's Papers at 331. The trial court reinstated the 1986 versions of RCW 4.22.070(1) and RCW 51.24.060, permitting the jury to assign fault to Ledcor.

ANALYSIS
Sofie v. Fibreboard Corp.
The Washington constitution provides that "[t]he right of trial by jury shall remain inviolate...." Const. art. I, § 21. This court's basic rule for interpreting the right to jury trial is to examine the right as it existed at the time of the adoption of our constitution in 1889. Sofie v. Fibreboard Corp., 112 Wash.2d 636, 771 P.2d 711, 780 P.2d 260 (1989).[3]
In Sofie, this court invalidated a controversial part of the 1986 tort reform act (TRA) which placed a limit on non-economic damages in personal injury and wrongful death actions. RCW 4.56.250 limited non-economic damages using a formula based on the age of the plaintiff. If the jury awarded non-economic damages which exceeded the limit, the trial court simply reduced the award by applying the formula. A divided court held that the statute violated Const. art. I, § 21 by interfering with the jury's traditional function to determine damages. Sofie, 112 Wash.2d at 638, 771 P.2d 711.
This court considered two issues in deciding whether the right to jury trial applied: (1) the scope of the jury trial right, and (2) the causes of action to which it applies. On the scope issue, we observed that the determination of damages, particularly an injured plaintiff's non-economic damages, was historically an issue of fact for the jury. Sofie, 112 Wash.2d at 645-48, 771 P.2d 711. On the *1239 second issue, this court rejected the suggestion that the right to jury trial attaches only to causes of action which existed at common law in 1889. We noted that this analysis would result in a right to jury trial which diminished over time and that it was more appropriate to apply recent tort theories by analogy to common law actions which existed analogy to common law actions which existed in 1889. Therefore, the right to jury trial attached to the plaintiff's action. Sofie, 112 Wash.2d at 648-50, 771 P.2d 711.
The next issue was whether the statute violated the right to jury trial. In support of the statute, defendants argued that the Legislature has the power to alter the functions of civil trials and that such alterations could affect the role of the jury. The court distinguished authorities which upheld the abolition of whole causes of action and permitted procedural limitations on the access to a jury trial. "These decisions show that the Legislature cannot intrude into the jury's fact-finding function in civil actions[.]" Sofie, 112 Wash.2d at 651, 771 P.2d 711. Noting that the weight of authority from other states supported this determination of the core function of a jury trial, the court held that the statute violated Const. art. I, § 21. Sofie, 112 Wash.2d at 659, 771 P.2d 711.
Edgar makes a number of arguments which suggest that an historical analysis under Sofie resolves the issue of constitutionality in favor of the 1993 amendments. Edgar begins with the obvious point that the right to trial by jury in tort cases in 1889 did not include the allocation of contributory fault. Edgar suggests that every modification of the tort law since then has been a legislative determination of public policy and that none of these refinements are constitutionally required. Therefore, according to Edgar, the 1993 amendments are not unconstitutional because there is no historical common law right to the apportionment of fault.
This argument assumes that the right to jury trial is limited to having the jury determine only those issues of fact which were decided by juries when the constitution was adopted. Sofie rejected this static approach to Const. art. I, § 21. Sofie, 112 Wash.2d at 648-49, 771 P.2d 711. Edgar's claim presents the same cause of action for personal injury which was well recognized a century ago and is, therefore, a cause of action to which the right to jury trial attaches. Although the allocation of fault did not exist at common law, the determinations of whether a person was at fault and whether that fault was a proximate cause of the plaintiff's injuries were questions for the jury. Because the allocation of fault is as inherently factual as is the existence of fault (perhaps even more so), Sofie would indicate that any such allocation is within the scope of the right to have the jury decide issues of fact.[4]
Edgar further suggests that the 1993 amendments reinstated the law as it existed before the 1986 TRA and, therefore, the trial court has effectively held that the law as it stood for nearly a century was unconstitutional. We find this argument unpersuasive. Washington tort law remains very different than it was before 1986. The 1993 amendments preserve the major changes of the 1986 TRA with the single exception of removing immune employers from the allocation of fault. A determination that this system violates Const. art. I, § 21 would not necessarily establish that any prior system was also unconstitutional. Consistent with this distinction, we note that the trial court's ruling does not purport to invalidate any aspect of pre-1986 Washington tort law.
Edgar also argues that the city has no vested or constitutional right to the contributory fault scheme created by the 1986 version of RCW 4.22.070(1). These arguments erroneously assume that the City takes the position that it does have a right to the 1986 version of RCW 4.22.070(1). The City contends only that the 1993 amendments to that statute violate the right to jury trial. The trial court's reinstatement of the 1986 version of RCW 4.22.070(1) apparently became the remedy by default.
The City's Main ArgumentGeschwind v. Flanagan
Having determined that the right to jury trial includes the right to have the jury *1240 determine the allocation of fault, the dispositive issue is whether the 1993 amendments violate that right. The City argues that once the Legislature has adopted a contributory fault, several liability system, the right to jury trial includes the right to a jury determination of the allocation of contributory fault of all potentially at-fault entities. The City also argues that, under such a tort system, the refusal to permit the jury to determine the proportionate share of fault of one potentially at-fault entity effectively sets that entity's allocation fault at zero percent, violating the right to have findings of fact made by the jury. These arguments are largely based on our decision in Geschwind v. Flanagan, 121 Wash.2d 833, 854 P.2d 1061.
The 1986 TRA created a statutory defense in personal injury and wrongful death actions where the plaintiff was intoxicated (as defined by RCW 46.61.502). Such intoxication is a complete defense if the trier of fact finds that (1) the plaintiff was more than 50 percent at fault, and (2) the plaintiff's intoxication was a proximate cause of the plaintiff's injuries. RCW 5.40.060. Geschwind was an action for personal injury by a significantly intoxicated passenger against the intoxicated driver. The jury found that the passenger was seventy percent at fault for his own injuries, resulting in a judgment for the defendant driver. The Court of Appeals reversed, holding that an intoxicated passenger could not be more than fifty percent at fault as a matter of law. Geschwind, 121 Wash.2d at 836-37, 854 P.2d 1061.
This court reversed, reaffirming our determination in previous cases that a passenger could be contributorily negligent for riding in a car driven by an intoxicated driver, and that plaintiffs' own voluntary actions may increase the risk of injury to the point that they are primarily responsible for their own injuries. RCW 4.22.070(1) required the jury to make the factual determination of whether the passenger's contributory fault exceeded fifty percent. Geschwind, 121 Wash.2d at 838-39, 854 P.2d 1061. We also noted that any judicial limitation on the percentage of fault attributable to a passenger would violate Const. art. I, § 21.
In [Sofie] we struck down a statutory limit on the recovery of non-economic damages as violative of this constitutional right since it operated to "tak[e] a jury's finding of fact and alter[ ] it to conform to a predetermined formula." Sofie, at 653 [771 P.2d 711]. An arbitrary limitation on a passenger's comparative fault would accomplish the same result.
Geschwind, 121 Wash.2d at 840, 854 P.2d 1061.
The City suggests that Geschwind, read in conjunction with Sofie, establishes that under a contributory fault system, the right to jury trial mandates that the jury be permitted to determine the allocation of fault. This argument begs the question of whose fault the jury may consider. Geschwind does not support the proposition that the jury must be permitted to make an allocation of fault which is not required by the contributory fault system. The statute at issue in Geschwind created a legal defense based on the factual issue of the plaintiff's contributory negligence. Because the plaintiff's negligence was a legally significant issue of fact, Sofie required allowing the jury to decide the issue. Unlike in Geschwind, the City seeks to have the jury decide an issue of fact which is not legally relevant.
To support its assertion that the jury must be permitted to allocate fault to an immune employer, the City relies on Lamborn v. Phillips Pac. Chem. Co., 89 Wash.2d 701, 575 P.2d 215 (1978). Similar to this case, the injured worker in Lamborn sued a third party who alleged that the plaintiff's employer was negligent. The plaintiff unsuccessfully sought the exclusion of evidence of his employer's fault, arguing that his employer was at best a concurrent tort-feasor and, therefore, evidence of the employer's negligence was not relevant. Lamborn, 89 Wash.2d at 705, 575 P.2d 215. This court affirmed, noting that the defendant's theory of the case was that the sole proximate cause of the accident was the negligence of either the plaintiff, the employer, or both. Evidence of the employer's negligence was relevant to this issue. Lamborn, 89 Wash.2d at 706, 575 P.2d 215.
*1241 The City cites Lamborn for the proposition that a defendant is entitled to avoid liability by showing that another person is at fault for the plaintiff's injuries. Br. of Resp't at 28. Lamborn would support the admission of evidence of employer fault even after the 1993 amendments. Non-immune defendants, like the City, may still avoid liability by establishing that the negligence of the plaintiff's employer was the sole proximate cause of the accident. However, Lamborn does not provide support for the proposition that the jury must be permitted to allocate fault to the plaintiff's employer. Lamborn correctly observed that evidence of another entity's fault may be relevant even if a finding of such fault would not necessarily relieve a defendant of liability. Lamborn, 89 Wash.2d at 707, 575 P.2d 215 (citing Fenimore v. Donald M. Drake Constr. Co., 87 Wash.2d 85, 89, 549 P.2d 483 (1976)).
The issues reserved for the jury in Sofie (amount of damages) and Geschwind (amount of contributory negligence) were material issues of fact under the established law. This court merely upheld the right to have those issues decided by the jury. The determination that an issue of fact must be decided by the jury necessarily assumes that the proffered issue is material. Nothing in Sofie, Geschwind or Lamborn recognizes a right to have the jury decide an issue of fact which is not legally relevant.[5] In the absence of an historical or constitutional right to have the jury allocate fault to an immune employer, the right to have the jury decide the factual issue of such fault under Sofie is dependent upon a determination that the issue is material under the law as established by the Legislature or the courts.
The City repeatedly acknowledges that the Legislature can substantially affect the outcome of personal injury lawsuits by amending the law. The City also concedes that the right to jury trial does not include the right to have the jury decide questions of fact which are not relevant under the applicable law.[6] But we need not rely on these concessions. They follow from and are consistent with the analysis of both the majority and dissenting opinions in Sofie.
In his Sofie dissent, Justice Dolliver suggested that the legislation most analogous to the limit on non-economic damages was RCW 4.22.005, which applied comparative fault to all personal injury actions without regard to whether such fault constituted a defense under prior law. Before RCW 4.22.005, a plaintiff in a products liability action would receive the entire amount of his or her damages as determined by the jury, even if the plaintiff was contributorily negligent. After RCW 4.22.005, the same findings of fact would result in a reduction of the amount of damages by the amount of the plaintiff's comparative fault. Justice Dolliver suggested that there was no difference, for purposes of an analysis of the right to jury trial, between the reduction in recovery created by RCW 4.22.005 and the limit on non-economic damages created by RCW 4.56.250. Sofie, 112 Wash.2d at 684-85, 771 P.2d 711 (Dolliver, J., dissenting).
The majority's response highlighted a distinction between the Legislature's power to define the law and the constitutional right to have a jury find facts.

*1242 It is entirely within the Legislature's power to define parameters of a cause of action and prescribe factors to take into consideration in determining liability. This is fundamentally different from directly predetermining the limits of a jury's fact-finding powers in relevant issues, which offends the constitution.
Sofie, 112 Wash.2d at 666, 771 P.2d 711.
Application of this distinction disposes of the City's argument. The intent and effect of the 1993 amendments is to create a tort system under which the plaintiff's recovery, the right of the Department of Labor & Industries to reimbursement, and the third-party defendant's liability are not reduced by the extent to which the plaintiff's damages were also proximately caused by the fault of the plaintiff's immune employer. Under this system, evidence of an immune employer's negligence may be relevant, under Lamborn, to the jury's findings of which entities were at fault and proximately caused the plaintiff's injuries. However, the exact percentage of fault attributable to an immune employer has no legal effect on the liability of the parties. Consequently, the jury is not asked to make an irrelevant determination of the immune employer's fault.
To avoid a recognition that the 1993 amendments to RCW 4.22.070(1) were a valid exercise of the Legislature's power to change the law, the City attempts to re-characterize the amendments as a legislative manipulation of the jury's findings of fact, artificially setting the fault of immune employers at zero percent. According to the City, Geschwind prohibits such legislative or judicial manipulation of the allocation of fault. In other words, if the courts cannot limit an intoxicated passenger's fault to fifty percent, RCW 4.22.070(1) cannot effectively limit an immune employer's fault to zero percent.
We reject this argument, observing that virtually all tort liability systems would be susceptible to this challenge. The pre-1973 contributory negligence rule effectively set the fault of the plaintiff at either zero or one hundred percent. When fault could not be assigned to nonparties, the fault of such entities was effectively set at zero percent. Reasonable jurors might find that young children are at fault. Yet the common law determination that such children cannot be negligent prevents the jury from determining the percentage of the harm which is caused by their actions, effectively setting their fault at zero percent. See Price v. Kitsap Transit, 125 Wash.2d 456, 886 P.2d 556 (1994).[7] Whenever the jury allocates more than fifty percent fault to an intoxicated plaintiff, RCW 5.40.060 manipulates the jury's allocations of fault by effectively increasing the jury's finding of the plaintiff's fault to one hundred percent.
Contrary to the City's characterization of the statute, RCW 4.22.070(1) does not set employer fault at zero percent. The statute creates a liability allocation system which, for policy reasons, does not include immune employers. The statutory mechanism of setting total fault at 100 percent without regard for the potential contributory fault of an immune employer conveniently implements the distribution of fault between those parties and other entities whose fault will actually affect the plaintiff's recovery and the defendant's liability. As the City concedes, there is no need to determine the exact percentage of *1243 fault attributable to an immune entity when the tort liability system established by the Legislature and the courts would require such fault to be re-allocated to other parties and entities in order to establish the actual amount of the plaintiff's recovery and each defendant's liability.[8]

CONCLUSION
Sofie and Geschwind recognize a fundamental distinction between the power of the courts and the Legislature to establish the law, and the right to have a jury decide relevant issues of fact. This distinction is both difficult to define and difficult to apply to particular cases. However, given our determination to uphold a meaningful right to jury trial under Const. art. I, § 21, it is a distinction which must be maintained. We hold that the 1993 version of RCW 4.22.070(1) does not remove any relevant factual issue from the jury's consideration and, therefore, does not violate the right to jury trial.[9]
Reversed.
DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] Ledcor is not a party to this action. The City is defended by Ledcor, pursuant to an indemnity agreement in the construction contract.
[2] The same legislation also amended RCW 51.24.060 to reflect the change to RCW 4.22.070(1).
[3] The Seventh Amendment to the United States Constitution does not apply to civil trials in state courts. Sofie v. Fibreboard Corp., 112 Wash.2d 636, 644, 771 P.2d 711, 780 P.2d 260 (1989) (citing Minneapolis & St. L. R.R. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916)). Sofie`s analysis of the right to jury trial in civil actions is based on independent state constitutional grounds. Sofie, 112 Wash.2d at 644, 771 P.2d 711.
[4] Our decision in Geschwind v. Flanagan, 121 Wash.2d 833, 854 P.2d 1061 (1993) is based on the assumption that the allocation of fault is for the jury to make. We also note that the statute itself requires the trier of fact to determine the allocation of fault. RCW 4.22.070(1).
[5] There may be some issues of fact which are so inherent in the right to jury trial that the Legislature and the courts may not modify the law so as to make such issues irrelevant. See State v. Strasburg, 60 Wash. 106, 110 P. 1020 (1910) (criminal defendant's right to raise the issue of insanity was so well established at the time of the adoption of the Washington Constitution that it is inherent in a defendant's right to a jury trial). Amicus Washington State Trial Lawyers Association suggests that injured persons may also have similar substantive rights which inhere in Const. art. I, § 21 or Const. art. I, § 10, and asks this court to reserve such questions for an appropriate case. Br. of Amicus Curiae Washington State Trial Lawyers Ass'n at 23.
[6] Before the adoption of comparative fault in 1973, the jury "was not called upon to evaluate the relative fault of each party because the issue was of no relevance, given the rules of recovery in effect at the time." Br. of Resp't at 12; see former RCW 4.22.010. Between 1973 and the adoption of contributory fault among concurrent tort-feasors in 1981, the jury was not asked to determine the fault of individual defendants. "[I]n the absence of a right of contribution among liable tort-feasors, such a determination was irrelevant and unnecessary." Br. of Resp't at 14 n. 9; see RCW 4.22.005-.040.
[7] In Price, a bus passenger was injured when a four-year-old child engaged an emergency stop switch, causing the bus to stop suddenly. The trial court allocated 10 percent fault to the transit company, 80 percent to the child, and 10 percent to the child's father This court upheld the Court of Appeals determination that the child was incapable of fault and was, therefore, not an entity to whom fault could be assigned under RCW 4.22.070(1). Price, 125 Wash.2d at 464, 886 P.2d 556. Although Price did not analyze the right to jury trial and, therefore, does not directly dispose of the City's argument, it does suggest that the determination of which parties may have fault allocated to them is an issue of law for the Legislature or the courts to decide.

The City distinguishes Price, pointing out that young children are incapable of fault, and suggesting that the jury must be permitted to determine the contributory fault of entities who are capable of fault. This distinction misses the point. The issues of who may be capable of fault or to whom contributory fault may be assigned are legal issues. The Legislature could amend RCW 4.22.070(1) to permit the assignment of fault to young children. Price, 125 Wash.2d at 470 [886 P.2d 556] (Durham, J., concurring). Presumably, the question of who would be responsible for such fault would also present a legal issue. The jury would be permitted to decide only the factual issues of whether a particular child was at fault and to what extent.
[8] "Because liability [before the 1986 TRA] was joint and several, whatever fault might have been allocated by the jury to immune entities necessarily would have been reallocated among the parties, because under a joint and several liability recovery system, the liable defendants could not use the comparative fault of immune entities as a basis for reducing their own liability. By limiting fault allocation to the parties, the 1981-86 system simply avoided an unnecessary step of calculating `orphan shares' of fault attributable to immune defendants, only to require a reallocation of those shares among the parties." Br. of Resp't at 16 n. 12.
[9] The City also argues that the 1993 amendments violate (1) the doctrine of separation of powers, (2) procedural due process, and (3) substantive due process. Although the City did not make these arguments to the trial court, we reject them on their merits. Each of the City's alternative constitutional theories is expressly based on the assumption that (1) the 1993 amendments constitute an improper legislative determination to set an immune employer's fault at zero percent, or (2) that the City has the right to assign fault to an immune employer. If either of these assumptions were correct, we would affirm the trial court's determination that the 1993 amendments violate the right to jury trial, making it unnecessary to reach these other constitutional challenges.