GONZÁLEZ, J.
¶ 1 Brandon Afoa was severely injured in an accident while working at the Port of Seattle (Port) for a cargo company. He sued the Port on the theory that it had retained sufficient control over his work to have a duty to provide him a safe place to work. Among other things, the Port argued that several airlines that were not parties to the lawsuit were at fault. A jury found that Afoa suffered $40 million in damages and apportioned fault between him, the Port, and the airlines. In Washington, tortfeasors are usually liable only for their proportionate share of the damages they cause. Afoa argues that the Port is liable for both its portion and the airlines' portion. The primary question for review is whether the jury's verdict warrants finding the Port is vicariously liable for the airlines' negligence, justifying the imposition of joint and several liability on the Port. We hold that RCW 4.22.070(1)(a) does preserve joint and several liability when a defendant is vicariously liable for another's fault. Whether vicarious liability exists, however, is a factual question. Here, the jury's findings do not support the conclusion that the Port is vicariously liable for the airlines' fault.
¶ 2 Afoa's suit was initially dismissed on summary judgment, but in Afoa v. Port of Seattle, 176 Wash.2d 460, 296 P.3d 800 (2013) ( AfoaI ), we reversed and remanded. In the meantime, Afoa brought a separate action for the same injuries against several airlines, *907 which a federal court dismissed on summary judgment. Afoa did not appeal the dismissal of that suit. Afoa's original lawsuit against the Port went to trial. Over Afoa's objection, the airlines were named as nonparties, and the Port asserted an "empty chair defense" blaming the airlines for Afoa's injuries. The jury returned a multimillion dollar verdict for Afoa and apportioned fault among Afoa, the Port, and the nonparty airlines.
¶ 3 We granted review to consider issues of allocation of fault to a nonparty and the assertion of an empty chair defense.
¶ 4 Afoa now argues that the Port and the airlines are jointly and severally liable because the Port's duty was nondelegable and the airlines were the Port's agents under RCW 4.22.070, even though the jury was not explicitly asked to make that finding. While the Port concedes that its duty to provide a safe workplace was nondelegable, it urges us to uphold the judgment because it contends it is not responsible for the airlines' fault. The airlines also had a duty to provide a safe work site, and we assume, without deciding, that duty was also nondelegable. See, e.g., Clerk's Papers (CP) at 4811 (jury instruction explaining airlines have "a duty to ensure compliance with applicable safety regulations"); see also AfoaI , 176 Wash.2d at 495, 296 P.3d 800. We reverse the Court of Appeals and affirm the trial court.
BACKGROUND
¶ 5 Afoa worked as a baggage handler at the Seattle-Tacoma International Airport (Airport). Afoa was employed by Evergreen Aviation Ground Logistics Enterprise Inc. (EAGLE), which contracted with four airlines to provide ground services, such as loading and unloading cargo.[1] While driving a luggage vehicle, Afoa lost control and crashed into a piece of equipment that fell and severely injured him. Afoa's employer, EAGLE, was not "at fault" for purposes of RCW 4.22.070.[2]
¶ 6 After the accident, Afoa sued the Port. He alleged that the Port retained control over EAGLE and was responsible for his injuries because the Port violated its nondelegable duties under the Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW, and the common law. The trial court granted summary judgment for the Port on the ground that Afoa was not the Port's employee. Afoa appealed and also brought a separate lawsuit against the four airlines that had contracted with EAGLE under the same theory he pursued against the Port in the original case. The separate action was removed to federal court and stayed pending Afoa's appeal in this court. We reversed summary judgment, holding "that a jobsite owner who exercises pervasive control over a work site should keep that work site safe for all workers." Afoa I , 176 Wash.2d at 481, 296 P.3d 800. We were not asked to rule on whether the Port was potentially subject to joint and several liability with nonparty airlines.
¶ 7 After we decided AfoaI , Afoa moved to amend his complaint in federal court against the airlines to add the Port as a defendant. His motion was denied. Subsequently, the federal court granted the airlines' motions for summary judgment because Afoa failed to cite WISHA regulations applicable to the airlines and to provide factual allegations sufficient to conclude the airlines retained control over Afoa's work.
¶ 8 On remand and over objection, the Port moved to amend its answer and assert an empty chair defense that the airlines that contracted with Afoa's employer shared fault for Afoa's injuries. A jury found that the Port retained control over the independent contractor EAGLE's work, which gave rise to a duty of care to Afoa.
¶ 9 The jury found Afoa suffered $40 million in damages and apportioned fault to the *908 parties: 25.0 percent to the Port, 0.2 percent to Afoa, and equally divided the remaining 74.8 percent among the four airlines. The trial court, pursuant to the jury's allocation, entered judgment against the Port for $10 million.
¶ 10 On review, Afoa raised three arguments to the Court of Appeals: first, that the Port had a nondelegable duty to provide a safe workplace, and thus no fault allocation was permitted, and the Port was jointly and severally liable for the judgment minus Afoa's 0.2 percent of fault; second, that the trial court abused its discretion in allowing the Port to assert an empty chair defense; and third, that the dismissal of Afoa's claims prevented the Port from claiming the air carriers were responsible for the accident on a res judicata theory.
¶ 11 The Court of Appeals held that the Port had a nondelegable duty and was therefore vicariously liable for the airlines' fault. The Court of Appeals remanded for the trial court to enter judgment against the Port for 99.8 percent of Afoa's damages. Afoa v. Port of Seattle, 198 Wash. App. 206, 234, 393 P.3d 802 (2017) ( AfoaII ). Consequently, Afoa's other arguments were not addressed. The Port appealed. Afoa cross appealed, arguing the trial court abused its discretion under CR 12(i) by allowing the Port to assert an empty chair defense late in the case and the trial court erred because the Port was bound by the federal court's summary judgment ruling in favor of the airlines.[3] We granted review of the issue of allocation of fault to the nonparty airlines and Afoa's contingent issues concerning the Port's assertion of an empty chair defense.[4]
ANALYSIS
I. Allocation of Fault and Nondelegable Duties
¶ 12 The first question this court must answer is whether the trial court erred in permitting the jury to allocate fault to the nonparty airlines. Whether this was error is a question of law. We review issues of statutory interpretation and alleged errors of law de novo. Jongeward v. BNSF Ry. Co., 174 Wash.2d 586, 592, 278 P.3d 157 (2012) (citing State v. Breazeale, 144 Wash.2d 829, 837, 31 P.3d 1155 (2001) ).
¶ 13 In the 1986 tort reform act, the legislature generally abrogated the common law rule of joint and several liability. See generally LAWS of 1986, ch. 305; RCW 4.22.030. The legislature left no doubt as to its intent-proportionate liability "has now become the rule." Kottler v. State, 136 Wash.2d 437, 443, 963 P.2d 834 (1998). " RCW 4.22.070, the centerpiece of the 1986 amendatory package, requires all liability be apportioned unless a listed exception applies in which case joint and several liability is retained." Id.
¶ 14 Under the rule of proportionate liability, fact finders assign percentages of "fault" attributable to each party and relevant nonparty, including plaintiffs, whose negligence or certain other categories of culpable conduct constitutes a legal cause of a plaintiff's injury. See RCW 4.22.015 (defining "fault"). In cases where a nonparty is allegedly at fault, the jury may be asked to allocate fault to the empty chair at the trial court's discretion. CR 12(i). The burden of proving an empty chair's fault is on the party asserting the nonparty's fault. Mailloux v. State Farm Mut. Auto. Ins. Co., 76 Wash. App. 507, 514-15, 887 P.2d 449 (1995) ; see also Stewart A. Estes, The Short Happy Life of Litigation Between Tortfeasors: Contribution, Indemnification and Subrogation After Washington's Tort Reform Acts, 21 SEATTLE U. L. REV. 69, 80 (1997). Here, at trial, the Port successfully met its burden of proving the empty chair airlines' partial responsibility for Afoa's injuries. The trial court did not *909 err in allowing the jury to allocate fault to the nonparty airlines.
¶ 15 Allocation of fault is an "inherently factual" question for the jury. Edgar v. City of Tacoma, 129 Wash.2d 621, 627, 919 P.2d 1236 (1996). When the jury apportions fault, "[t]he sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent." RCW 4.22.070(1). The parties bear the responsibility of paying for the damages in proportion to the fault respectively assigned to them, unless an exception applies.
¶ 16 Afoa argues that the Port should be responsible for the airlines' apportioned damages because the Port, "as the entity best able to control safety" at the Airport, "cannot shift any part of its nondelegable duty to the airlines." Supp'l Br. of Resp't at 16 n.43. When an exception to the general rule of proportionate liability applies, joint and several liability is retained. Kottler , 136 Wash.2d at 443, 963 P.2d 834. Joint and several liability may exist if multiple entities were acting in concert or if an entity was "acting as an agent or servant" of another entity. RCW 4.22.070(1)(a). As discussed below, Afoa did not raise the agency exception until it was too late.[5] Except in specifically recognized areas, joint and several liability does not apply automatically-the RCW 4.22.070 exceptions must apply by operation of fact and law.[6]
¶ 17 RCW 4.22.070 is clear and unambiguous. Clark v. Pacificorp, 118 Wash.2d 167, 181, 822 P.2d 162 (1991). It "had the effect of generally abolishing joint and several liability for concurrent negligence." Gilbert H. Moen Co. v. Island SteelErectors, Inc., 128 Wash.2d 745, 760, 912 P.2d 472 (1996). We must determine if joint and several liability attaches to a party violating its concurrent nondelegable duty to maintain a safe work site for all workers under WISHA and common law.
A. The Port's Nondelegable Duty Did Not Give Rise to Joint and Several Liability
¶ 18 Under some circumstances, jobsite owners may have a duty of care analogous to that of an employer or general contractor. See Kamla v. Space Needle Corp., 147 Wash.2d 114, 123, 125, 52 P.3d 472 (2002) ; Kelley v. Howard S. Wright Constr. Co., 90 Wash.2d 323, 334, 582 P.2d 500 (1978). A jobsite owner or general contractor will have this duty only if it maintains a sufficient degree of control over the work. Kamla, 147 Wash.2d at 123, 52 P.3d 472 (quoting Doss v. ITT Rayonier Inc., 60 Wash. App. 125, 127 n.2, 803 P.2d 4 (1991) ). If the duty exists, it is nondelegable. Kelley, 90 Wash.2d at 334, 582 P.2d 500. If the general contractor-or by extension, jobsite owner-has the right to exercise control, it also "has a duty, within the scope of that control, to provide a safe place of work." Id. at 330, 582 P.2d 500 ; accord RESTATEMENT ( SECOND ) OF TORTS § 414 ( AM. LAW INST. 1965).
¶ 19 Afoa argues the Port's nondelegable duty to provide a safe workplace under WISHA and common law made it vicariously liable for the airlines' fault. We disagree. The jury found that Afoa's injuries were the result of both the Port and the airlines' failure to ensure a safe workplace.[7] See generally Weinert v. Bronco Nat'l Co., 58 Wash. App. 692, 795 P.2d 1167 (1990) (duty to comply with safety regulations applies to any party *910 with supervisory authority on a jobsite). But neither has escaped its own liability by delegation to the other.
¶ 20 WISHA does not expressly provide for vicarious liability when employers are concurrently negligent. In contrast, even though RCW 4.22.070 requires proportionate liability, the legislature has expressly provided that a product seller may have the liability of a manufacturer under certain circumstances. RCW 7.72.040.[8] WISHA requires employers to "comply with the rules, regulations, and orders promulgated under this chapter." RCW 49.17.060(2). Nothing in chapter 49.17 RCW suggests that the legislature intended to impose joint and several liability for WISHA violations.
¶ 21 At the same time, liability for breach of a nondelegable duty does not undermine the fault allocation under RCW 4.22.070. Lawmakers did not intend to minimize the responsibility of the nonparty airlines that had a concurrent nondelegable duty.
¶ 22 Principles of common law survive RCW 4.22.070, but there is no clearly established common law right to hold tortfeasors with a nondelegable duty vicariously liable for another entity's breach of the same duty.[9] It would be difficult for such a situation to arise under common law. See Wenatchee Wenoka Growers Ass'n v. Krack Corp., 89 Wash.2d 847, 849-50, 576 P.2d 388 (1978). There was, however, a principle at common law that a defendant would not be responsible for another's independent tortious acts.
¶ 23 The dissent correctly recognizes an exception to this independent contractor rule: a nondelegable duty may result in vicarious liability.[10] That exception is irrelevant here. See Millican v. N.A. Degerstrom, Inc., 177 Wash. App. 881, 896-97, 313 P.3d 1215 (2013) (" '[A] "non-delegable duty" requires the person upon whom it is imposed to answer for it that care is exercised by anyone ... to whom the performance of the duty is entrusted.' " (quoting RESTATEMENT ( SECOND ) OF TORTS ch. 15, topic 2, intro. note) ). No delegation occurred here. Simply because the Port cannot delegate its responsibility does not mean it must adopt the responsibility of another.
¶ 24 RCW 4.22.070 is consistent with the principle that a defendant with a nondelegable duty cannot discharge its primary responsibility to ensure compliance. In Millican, the Court of Appeals reversed a trial court's decision to admit a contract delegating the defendant's responsibility under WISHA because the defendant argued another party had sole responsibility for work site safety under the contract. 177 Wash. App. at 890, 313 P.3d 1215. A defendant may argue another entity was the sole proximate cause of an injury but cannot argue the other entity is the sole proximate cause when it was " 'carrying out' " the defendant's nondelegable duty. Id. at 896, 313 P.3d 1215 (quoting RESTATEMENT ( THIRD ) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 57 cmt. b ( AM. LAW INST. 2012) ); see also Wiggs v. City of Phoenix, 198 Ariz. 367, 10 P.3d 625 (2000) (defendant city remained vicariously liable for any percentage of fault allocated to the empty chair company it contracted to maintain its streetlights because the city had a nondelegable duty to maintain its streets in a reasonably safe condition). Millican does not stand for the proposition that another entity cannot be separately responsible for work site safety. An entity that delegates its nondelegable duty will be vicariously liable for the negligence of the entity subject to its *911 delegation, but an entity's nondelegable duty cannot substitute for a factual determination of vicarious liability when RCW 4.22.070(1) clearly requires apportionment to "every entity which caused the claimant's damages."
¶ 25 The Port can still be vicariously liable for the airlines' negligence if the jury makes the necessary finding of control because RCW 4.22.070(1)(a)"explicitly retains principles of common law vicarious liability" within its exceptions. Johnson v. Recreational Equip., Inc., 159 Wash. App. 939, 950, 247 P.3d 18 (2011). Thus, we turn to whether Afoa proved an RCW 4.22.070 exception applied.
B. The Nonparty Airlines Do Not Fall within the Agency Exception to RCW 4.22.070 without the Required Factual Finding
¶ 26 Afoa did not ask the jury to find that the Port retained control over the airlines or make any agency arguments until after the verdict. The Port contends that raising RCW 4.22.070 's agency exception now is too late. We agree. Agency presents a question of fact that Afoa should have presented to the jury. Travelers Cas. & Sur. Co. v. Wash. Tr. Bank, 186 Wash.2d 921, 937, 383 P.3d 512 (2016) (citing Unruh v. Cacchiotti, 172 Wash.2d 98, 114, 257 P.3d 631 (2011) ).
¶ 27 There is a long-standing common law duty to provide a safe workplace in Washington, and the Port is directly liable in this case as a result; while the Port could be vicariously liable for the airlines' breach of their concurrent nondelegable duties if a jury found that the Port retained control over the airlines, the jury was not presented with the opportunity to do so. AfoaI , 176 Wash.2d at 475-76, 296 P.3d 800 (citing Kelley, 90 Wash.2d at 331-32, 582 P.2d 500 ); see also Uni-Com Nw., Ltd. v. Argus Publ'g Co., 47 Wash. App. 787, 796, 737 P.2d 304 (1987) ("The existence of a principal-agent relationship is a question of fact unless the facts are undisputed."). The jury is ultimately responsible for determining "the entity in the best position to ensure a safe working environment." AfoaI, 176 Wash.2d at 479, 296 P.3d 800 (citing Kelley, 90 Wash.2d at 331, 582 P.2d 500 ); Edgar, 129 Wash.2d at 627, 919 P.2d 1236 (right to a jury trial includes right to have jury determine allocation of fault (citing Sofie v. Fibreboard Corp., 112 Wash.2d 636, 648-49, 771 P.2d 711, 780 P.2d 260 (1989) ) ).
¶ 28 Notably, in Johnson, the Court of Appeals could apply the agency principles retained in RCW 4.22.070 's exceptions only because it was undisputed that the product seller held itself out as the manufacturer by placing its brand on the defective product. 159 Wash. App. at 946, 247 P.3d 18. Similarly, in Yong Tao v. Heng Bin Li, a case involving an injured passenger in the second van of a three-van caravan, brought against the lead driver, the Court of Appeals held that the material question of control precluded summary judgment on the issue of joint and several liability under RCW 4.22.070. 140 Wash. App. 825, 830-31, 166 P.3d 1263 (2007). As in Yong Tao, the facts here are disputed and vicarious liability under the agency exception remains unproved.[11]
¶ 29 In this case, Afoa now argues the agency exception applies despite his failure to ask the jury to address the disputed facts. For RCW 4.22.070 's agency exception to apply, either the facts necessary to establish the agency exception had to be undisputed or the jury was required to make a factual finding.[12] The burden of establishing an agency relationship is on the party asserting it exists.
*912 Hewson Constr., Inc. v. Reintree Corp., 101 Wash.2d 819, 823, 685 P.2d 1062 (1984). The traditional rules of agency apply here: "an agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control." Moss v. Vadman, 77 Wash.2d 396, 402-03, 463 P.2d 159 (1969).
¶ 30 In the context of the WISHA specific and common law duty to provide a safe work site, control exists where "there is a retention of the right to direct the manner in which the work is performed." See Kamla, 147 Wash.2d at 121, 52 P.3d 472 ; see also Carabba v. Anacortes Sch. Dist. No. 103 , 72 Wash.2d 939, 956-58, 435 P.2d 936 (1967) (requiring actual evidence of delegation).
¶ 31 The jury found only that the Port retained control over EAGLE. CP at 4839 ("[d]id the defendant [the Port] retain a right to control the manner in which the plaintiff's employer, [EAGLE], ... performed its work or maintained its equipment used to provide ground support").[13] There was no finding that the Port retained control over the airlines. Id. at 4780-834 (instructions), 4839-42 (special verdict form). In AfoaI , we were required to assume that Afoa's allegation that the Port "exercise[d] nearly plenary control over Sea-Tac Airport and the manner in which work is performed on the premises" was true because the case came to us on summary judgment. 176 Wash.2d at 478, 296 P.3d 800 (the Port argued that it simply issued licenses). But at this stage, Afoa cannot prevail by making allegations about the Port's pervasive control when control was a question for the jury. See id. at 472, 296 P.3d 800 (citing Kamla, 147 Wash.2d at 125, 52 P.3d 472 ). The jury must find that the defendant controlled another entity before the defendant is vicariously liable for that other entity's negligence. It did not here.
¶ 32 Finally, the dissent minimizes the airlines' responsibility under our system of comparative fault and makes up for Afoa's unsuccessful litigation tactics. That the Port retained control of EAGLE did not change the airlines' status to subcontractor or make the airlines' duty subordinate (or vicariously liable) to the Port's duty. Furthermore, special verdict or not, we cannot assume that the airlines had no control over EAGLE given the jury's apportionment of 74.8 percent of the fault for Afoa's injuries to the airlines.[14] Dissent at 921 & 920 n.6. The jury finding of retained control made it so the Port was directly liable for its share of the fault, nothing more. See Phillips v. Kaiser Alum. & Chem. Corp., 74 Wash. App. 741, 750-51, 875 P.2d 1228 (1994) (citing Kelley , 90 Wash.2d at 330, 582 P.2d 500 ). Afoa proved the Port was partially responsible for his injuries, but a full recovery under RCW 4.22.070 required Afoa to timely sue the Port and the airlines in one cause of action or argue agency.
¶ 33 The trial court did not err because a nondelegable duty does not supersede fault allocation under RCW 4.22.070 and the jury did not find facts that would justify applying RCW 4.22.070 's agency exception. Since Afoa did not raise the factual question of agency until after trial, he waived his opportunity to prove it.[15] Therefore, we turn to the contingent *913 issues raised by Afoa, which the Court of Appeals did not address.
II. Empty Chair Defense and Issue Preclusion
¶ 34 The trial court permitted the Port to make an empty chair defense under CR 12(i). Afoa contends the trial court abused its discretion because he was unfairly surprised. The trial court's decision is reviewed for manifest abuse of discretion. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 165, 736 P.2d 249 (1987) ; see also State v. Dye, 178 Wash.2d 541, 548, 309 P.3d 1192 (2013). Afoa also argues the trial court could not allocate fault to the empty chair airlines because a judgment in a separate proceeding precluded allocation for the same issue. The trial court's alleged errors of law are reviewed de novo. Jongeward, 174 Wash.2d at 592, 278 P.3d 157.
¶ 35 Afoa argues that the Port had a "full and fair opportunity ... to litigate airline liability" in federal court and successfully obtained a federal judgment finding no airline liability. Supp'l Br. of Resp't at 20. The Port, on the other hand, argues that "[d]istilled to its essence, [Afoa] seeks to use his strategic error in splitting his claims into two separate suits and his failure to prove his case in federal court, as a sword against the Port to prevent it from receiving its day in court." Supp'l Br. of Pet'r at 19.
¶ 36 Nonparty fault must be affirmatively pleaded. CR 12(i). The party claiming another nonparty entity is at fault must also affirmatively plead the identity of that nonparty. Id. In this case, the trial court allowed the Port to amend its answer under CR 15(a) to assert the airlines' fault. Before the amendment, the Port's answer raised the fault of other unidentified parties. Afoa sued the airlines in a separate proceeding years before the Port sought to amend its answer and assert its affirmative defense.
¶ 37 In the suit removed to federal court, Afoa asserted essentially the same claims against the airlines as he levied against the Port. The Port was not a party in that suit. It is undisputed that the Port and the airlines retained the same counsel to defend the respective suits. It is also undisputed that the Port moved to amend its answer early enough to allow Afoa to prepare his defense in this case. The Port and Afoa dispute three issues: (1) whether the Port's representations prejudiced Afoa, (2) whether the Port and the airlines were in privity, and (3) whether collateral estoppel would work an injustice. Afoa is not entitled to relief because the trial court did not abuse its discretion and the Port was not equitably barred from allocating fault to the nonparty airlines.
A. The Trial Court Applied the Correct Legal Standard
¶ 38 Afoa argues that the Port's late amendment prejudiced him because it delayed identification of the airlines as empty chairs until the statute of limitations, res judicata, and collateral estoppel prevented Afoa from recovering against them. Thereby, the Port deprived him the opportunity to decide all liability in a single proceeding and full compensation for his injuries. But Afoa initiated the separate proceeding and failed to ask the jury to find the Port vicariously liable for the airlines' fault by finding agency.
¶ 39 None of Afoa's arguments explain why the Port's actions justified his separate suit against the airlines. By the time the Port amended its answer, Afoa had already asserted the airlines were at fault in the federal suit. The Port told Afoa that it was asserting the affirmative defense due to his claims against the airlines in the federal suit. Afoa argues that the Port was playing both sides and that he was misled because the Port said it would make "a sole proximate cause defense." See, e.g., CP at 5198. The Port did assert EAGLE and the vehicle's manufacturer were the sole proximate cause for Afoa's injuries, but the Port also put Afoa on notice that other entities were responsible for the accident. Afoa learned about the specific nonparty airlines when the Port provided him with its agreements with the airlines. And Afoa was also able to sue the airlines in this suit from the time of the accident until two years later when he filed his first appeal.
¶ 40 In denying Afoa's motion to strike the affirmative defense, Judge Allred reasoned that if Afoa was barred from recovering full *914 compensation, it was "the consequence of [his] litigation choices (including the decision to sue the Port and the Airlines separately)." Id. at 9240. Similarly, in reaffirming that decision, Judge Ramseyer said, "[T]he decision of who to sue and when to sue them was [Afoa's]." Id. at 9199. We agree.
¶ 41 In his separate suit, Afoa alleged the airlines were liable for his injuries on the same basis as the jury heard in the underlying personal injury action. In that separate suit, the airlines were granted summary judgment. It would be unjust to hold the Port responsible for the negligence of the airlines in light of Afoa's separate suit.
¶ 42 Leave to amend a pleading "shall be freely given when justice so requires." CR 15 ; Caruso v. Local Union No. 690, 100 Wash.2d 343, 349, 670 P.2d 240 (1983). Afoa's separate lawsuit justified the Port's amendment, and the Port was not the only party from which Afoa could potentially recover. Therefore, Afoa cannot show he was unfairly surprised. The trial court applied the correct legal standard.
B. Afoa's Federal Suit Did Not Bar the Port from Arguing the Airlines Were at Fault
¶ 43 Finally, Afoa argues that the equitable doctrines of res judicata and collateral estoppel apply because the airlines cannot be at fault. Res judicata prevents relitigation of the same claim where a subsequent claim involves the same subject matter, cause of action, persons and parties, and quality of persons for or against whom the claim is made. Loveridge v. Fred Meyer, Inc., 125 Wash.2d 759, 763, 887 P.2d 898 (1995). Collateral estoppel requires proof that (1) the issue in the prior and current action is identical, (2) the prior action ended in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action, and (4) the application of collateral estoppel would not work an injustice. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wash.2d 299, 326, 96 P.3d 957 (2004) (quoting Clark v. Baines, 150 Wash.2d 905, 913, 84 P.3d 245 (2004) ). Only two aspects of res judicata and collateral estoppel are at issue in this case: privity and the injustice element of collateral estoppel.
¶ 44 Afoa argues that privity is established because the Port controlled the defense of the airlines in federal court, port agents testified against airline liability in the federal case, and the Port and the airlines have a common insurer. He specifically points to a proposed stipulation that was rejected. Afoa attempted to have the Port stipulate to the dismissal of the airlines case in federal court, to which the Port was not a party, if the Port would agree that no fault shall be apportioned to the airlines. As the Port indicates, it had no reason to sign and the airlines could not sign because the airlines had no authority to waive the Port's defense. " 'Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state [or set] of facts.' " United States v. Deaconess Med. Ctr., 140 Wash.2d 104, 111, 994 P.2d 830 (2000) (internal quotation marks omitted) (quoting Owens v. Kuro, 56 Wash.2d 564, 568, 354 P.2d 696 (1960) ); see also Martin v. Abbott Labs., 102 Wash.2d 581, 598, 689 P.2d 368 (1984) (imitative conduct is not concerted action).
¶ 45 "A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party." RESTATEMENT ( SECOND ) JUDGMENTS § 39 ( AM. LAW INST. 1982) ; see also Loveridge, 125 Wash.2d at 764, 887 P.2d 898. It is not at all clear that the Port controlled the airlines' defense or that it had authority to accept the stipulation. The airlines asserted they were not at fault in the federal suit, and the Port argued the airlines were at fault in the instant action; any inconsistency can be explained by the fact that they are different parties. Further, the testimony by port employees was a result of their knowledge about the facts of the case. Afoa does not establish that sharing counsel or an insurer establishes privity.
¶ 46 Collateral estoppel is inapplicable where it would work an injustice on the party being estopped.
*915 Christensen, 152 Wash.2d at 307, 96 P.3d 957. Here, that party is the Port. Afoa requests that the Port be responsible for the airlines' fault without a finding that the airlines were the Port's agent and in spite of the fact that Afoa sued the airlines in a separate action.[16] The trial court correctly rejected Afoa's arguments.
CONCLUSION
¶ 47 Under RCW 4.22.070, the liability of defendants concurrently owing a nondelegable duty with another entity is several unless an exception is found. That is, in this case, "[a] party shall be responsible for the fault of another person or for payment of the proportionate share of another party where both were acting in concert or when a person was acting as an agent or servant of the party." RCW 4.22.070(1)(a). Here, the Port was not vicariously liable for the airlines' negligence because the jury was not asked to find if the Port retained control of the airlines. Further, the trial court did not abuse its discretion by permitting a CR 12(i) empty chair defense because Afoa was not unfairly surprised when the Port named the airlines in its amended complaint. Similarly, the federal court's summary judgment did not preclude the Port from making its empty chair defense because the Port was not a party in the federal suit. We reverse the Court of Appeals and reinstate the trial court's apportioned award.
WE CONCUR:
Fairhurst, C.J.
Madsen, J.
Gordon McCloud, J.
Yu, J.

EAGLE contracted with China Airlines LTD, Hawaiian Airlines Inc., EVA Airways Corporation, and British Airways PLC, The relationship between the Port and the airlines is highly regulated under federal law, which makes these relationships different from most work sites in the state. In fact, the Port is prohibited from controlling certain aspects of airline operations. See, e.g., 14 C.F.R. pts. 139, 121.

Employers who are immune from liability under Washington's Industrial Insurance Act are not considered "at fault" for purposes of apportioning liability. RCW 4.22.070(1) ("except entities immune from liability to the claimant under Title 51 RCW").

Nonparty at Fault. Whenever a defendant ... intends to claim for purposes of RCW 4.22.070(1) that a nonparty is at fault, such claim is an affirmative defense which shall be affirmatively pleaded by the party making the claim. The identity of any nonparty claimed to be at fault, if known to the party making the claim, shall also be affirmatively pleaded.
CR 12(i) (boldface omitted).

We did not grant review of issues related to federal preemption and the jury instructions' statements of the law. AfoaII , 198 Wash. App. at 216-29, 393 P.3d 802, review granted, 189 Wash.2d 1015, --- A.3d ---- (2017).

Afoa has abandoned his argument that the Port and airlines were "acting in concert" under RCW 4.22.070. Chapter 4,22 RCW does not define "acting in concert," but we have held that the legislature intended the term to mean two or more people consciously acting together in an unlawful manner. Kottler, 136 Wash.2d at 448-49, 963 P.2d 834.

The statute excludes from its reach three causes of action not involved here. RCW 4.22.070(3).

As a threshold matter, the Port urges us to reject Afoa's arguments because they were not preserved. We disagree. When the trial court interpreted RCW 4.22.070, it considered the exceptions to proportionate liability that it contains. See Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 291, 840 P.2d 860 (1992) (we may consider new arguments when "the issue is advanced below and the trial court has an opportunity to consider and rule on relevant authority." (citing Bennett v. Hardy, 113 Wash.2d 912, 917, 784 P.2d 1258 (1990) ) ). Thus, the issue was adequately presented.

The products liability act, under RCW 7.72.040(2), specifically states, "A product seller, other than a manufacturer, shall have the liability of a manufacturer to the claimant."

Joint and several liability applied to concurrently negligent defendants between 1973 and 1986; by operation of statute, the jury was not required to determine the fault of individual defendants, Edgar, 129 Wash.2d at 631 & n.6, 919 P.2d 1236 ; see also Seattle-First Nat'l Bank v. Shoreline Concrete Co., 91 Wash.2d 230, 235-36, 588 P.2d 1308 (1978) ("liability at common law applies only to joint tortfeasors," not concurrent tortfeasors (emphasis added) ),

See dissent at 916-17 & 918 n.2 (citing Kelley, 90 Wash.2d at 330, 582 P.2d 500 ). When an entity has a nondelegable duty, it cannot escape liability by delegating its duty to another entity, Millican v. N.A. Degerstrom, Inc., 177 Wash. App, 881, 896-97, 313 P.3d 1215 (2013). Thus, the Port cannot escape its proportionate share of responsibility under RCW 4.22.070 by delegation.

Afoa relied on Yong Tao in his initial briefing to the Court of Appeals in 2010, which led to Afoa I , to argue that summary judgment should be reversed because the Port and airlines were jointly and severally liable. See Br. of Appellant, Afoa v. Port of Seattle , No. 64545-5-1, at 33-34 ("Reasonable inferences from the record support fact questions ...." (citing RCW 4.22.070(a) ) ).

While the term "acting as" in RCW 4.22.070(1)(a) may give plaintiffs leeway to argue that a third-party was an ostensible agent or performing a task on the defendant's behalf, it cannot be inferred to mean that agency is established per se for all entities when a party retains control of a specific entity. See generally Matsumura v. Eilert, 74 Wash.2d 362, 368, 444 P.2d 806 (1968) ("[A]gency does not come into existence out of thin air." (citing Restatement ( Second ) of Agency § 1 ( Am. Law Inst. 1958) ) ).

We did not grant review of the Port's contention that the verdict form was based on an incorrect statement of the law; the Court of Appeals held that the verdict form permitted the Port to argue its theory of the case. AfoaII , 198 Wash. App at 216-21, 393 P.3d 802. Specifically, the verdict form allowed the Port to argue that the "airlines had control." Id. at 220, 393 P.3d 802.

There is no other reasonable explanation for the jury's allocation of fault. See Spokane & Inland Empire R.R. Co. v. Campbell, 241 U.S. 497, 502, 36 S.Ct. 683, 60 L.Ed. 1125 (1916) ("where the general verdict and the special findings can be harmonized by taking into consideration the entire record of the cause, including the evidence and the instructions to the jury, and construing it liberally for that purpose, it is the duty of the court to harmonize them" (citing Pepperall v. City Park Transit Co., 15 Wash. 176, 180, 183, 45 P. 743 (1896) ) ). Multiple entities can retain "the right to direct the maimer in which the work is performed." Kamla, 147 Wash.2d at 121, 52 P.3d 472. Holding otherwise would imply that finding the Port "retained control" meant the "actual exercise of control over the manner in which the work is performed"-a requirement we reject in this context, Id.

We will not disturb the trial court's apportioned judgment award at this late stage for additional fact-finding, Cf. Hogan v. Sacred Heart Med. Ctr., 101 Wash. App. 43, 55, 2 P.3d 968 (2000).

Judge Allred explained that "it would be a misuse of the collateral estoppel and res judicata doctrines to allow Afoa to vehemently assert Airline liability in the Airlines lawsuit, lose that lawsuit, and then use that loss to obtain a ruling in this case-as a matter of law-that the Airlines bear no fault under RCW 4.22.070(1)." CP at 3179.