**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATM SHAFIQUL KHALID, Esquire, an individual and on behalf of similarly situated,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>CITRIX SYSTEMS, INC., John Doe n,<br><br>        Defendant-Appellee. | No. 21-35376<br><br>D.C. No. 2:20-cv-00711-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 10, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ATM Shafiqul Khalid appeals pro se the district court's dismissal of his action against Citrix Systems, Inc. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm the district court's judgment.

The district court properly dismissed Counts 2, 5, 9, and 10 as barred by res judicata under Washington law in light of Khalid's prior state court suit against Citrix. *See Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020) (federal court looks to state preclusion law); *Afoa v. Port of Seattle*, 421 P.3d 903, 914 (Wash. 2018) (requirements for res judicata).

The district court correctly concluded that Khalid failed to state a claim of price discrimination or exclusive dealing under the Clayton Act premised on Citrix's alleged wrongful claim to ownership of Khalid's patents. *See Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1187 (9th Cir. 2016) (price discrimination); *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 996 (9th Cir. 2010) (exclusive dealing).

The district court correctly concluded that Khalid failed to state a claim for attempted monopolization under Sherman Act § 2. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 481–82 (9th Cir. 2021) (elements of claim);

*see also  Ill. Tool Works, Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 41–43 & n.4 (2006) (market power is not presumed from the mere fact that one holds a patent).

The district court correctly concluded that Khalid failed to state a forced labor claim under the Trafficking Victims Protection Act because he did not plausibly allege Citrix attempted to coerce him into providing labor.  *See* 18 U.S.C. § 1589.

The district court correctly concluded that Khalid's civil rights claims are barred by the three-year statute of limitations.  *See Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017) (three-year statute of limitations for § 1983 claims in Washington); *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991) (statute of limitations for § 1985(3) claims is the same as for § 1983 claims).

Citrix's request for sanctions under Federal Rule of Appellate Procedure 38 is denied.

**AFFIRMED.**